LILLIE STRICKLIN v. STATE COMPENSATION COMMISSIONER

(No. 7410)

Submitted October 18, 1932. Decided October 25, 1932.

*H. W. B. Mullins,* for appellant.

*H. B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

MAXWELL, JUDGE:

Claimant, widow of deceased, was granted an appeal from an order of the compensation commissioner refusing compensation on the ground that the death of the decendent was not due to an injury received in the course of and resulting from his employment.

October 24, 1931, deceased was working as a coal loader with one Joe Wolczek in a mine of the Spruce River Coal Company in Boone County. Wolczek stated that deceased received an injury to his right hand while digging down top coal with a pick. A piece of coal flew from the pick stricking him on the hand. This witness' statements are inconsistent as

to what part of the right hand was injured. In an affidavit made November 25, 1931, he stated the injury was to the right fore finger. In a subsequent affidavit (December 10, 1931) and likewise at a hearing (March 17, 1932) he stated that deceased was injured on the second joint of the middle finger of the right hand. He stated that the injured place was about as large as the head of a match. This witness also testified that deceased complained that he was not feeling well when he came to work on the evening of October 24th.

Deceased was confined in his bed October 27th and a doctor was summoned. The doctor observed that his right arm was inflamed and swollen, and, in endeavoring to ascertain the cause of the suffering, found a small open sore on the back of the right hand at the junction of the index finger with the hand. This was the source of infection. He diagnosed the trouble as blood poisoning, and attended deceased two or three times a day until November 2nd. On that day deceased was taken to a hospital at Charleston where he died within thirty minutes after his arrival.

Claimant testified that deceased complained to her Sunday morning, October 25th, that he had skinned his knuckle; that it pained him; and that his arm hurt him. (This was within about twelve hours after he is supposed to have been injured in the mine.) On Monday morning he again complained to her that his arm pained him so much during the night that he could not rest. She stated also that she saw the injured place on the base knuckle of the fore finger, and that it was about the size of a dime.

There is a conflict in the evidence as to statements made by deceased concerning whether he received the injury to the knuckle of the fore finger of the right hand (the injury which caused his death) in the mine or elsewhere. The doctor and others stated that deceased said he received the injury complained of while working in the mine. The mine superintendent and his assistant testified that deceased told them he was not injured in the mine. He did not report an injury to the mine officials.

Counsel for the coal company contends that the injury which occasioned the death of deceased was not an injury re-

ceived while working in the mine, because: deceased complained that he was not feeling well before beginning work the night he was injured; the injury which caused his death was not at the same place on the hand as that described by witness Wolczek; the doctor stated that the pain and suffering and the swollen condition of deceased's arm (complained of by deceased to his wife Sunday morning), if developing within twelve hours after the injury in the mine, was unusual and not to be expected; and there was evidence that deceased had been assisting a neighbor in razing an old building (when he did not have work at the mine) where there was opportunity for him to receive such injury.

We are impressed that there are certain phases of the case which were not sufficiently developed. It does not appear whether an injury at the base of the right fore finger was observed prior to the morning of October 25th. It is not shown that the injury at the second joint of the right middle finger, described by witness Wolczek, was observed by any other person. The doctor refers to but one injury on the right hand of deceased. Wolczek was not asked whether he noticed an injury at the base of the fore finger at the time he saw the injury on the middle finger. And lastly, it does not satisfactorily appear within what period of time blood poisoning ordinarily develops from an injury such as that which was found at the base of deceased's right fore finger, being the injury which the doctor says caused the trouble. We have no more definite information than that it would be unusual and unexpected for manifestations of blood poisoning to cause pain and discomfort within so short a time as twelve hours after injury received.

We reverse the ruling of the commissioner and remand the case for further development. *Holland* v. *Com'r., Bowling* v. *Com'r.*, both decided at this term.

*Reversed; remanded for further development.*